# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**OTIS FAIRLEY,**                                                                               **PLAINTIFF**

**V.**                                           **NO.4:05CV123-D-D**

**MISSISSIPPI PAROLE BOARD, ET AL,**                       **DEFENDANTS**

## O P I N I O N

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this complaint pursuant to 42 U.S.C. § 1983. Plaintiff states that there were only three members of the parole board present at his hearing, and by the board's own rules five members must vote affirmatively for a person who was convicted of murder or a sex-related crime to be granted parole. He contends that he was therefore wrongfully denied an opportunity to be paroled.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest. *Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987). Therefore, the plaintiff has not alleged a constitutional due process violation because he does not have a protected liberty interest which warrants constitutional due process protection. It is clear that whether claims are habeas or civil rights in nature the plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the

event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)). Consequently, the plaintiff has not suffered a constitutional deprivation that is cognizable under § 1983 and the case must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 3rd day of October, 2005.

                                                /s/ Glen H. Davidson
                                                CHIEF  JUDGE